JOHN CULVER, appellant, and JAMES BROWN, respondent.

1. The design of the act of 1856, (*Nix. Dig.* 590, § 3,) supplementary to the Orphans Court act, was, that notice should be given to the ward, of an intended settlement by his guardian. No notice to, or appearance by the guardian, can be a waiver of the notice prescribed by the act.

2. Fifteen per cent. commissions having been allowed by the Orphans Court, the law authorizing but seven per cent., decree must be corrected.

This case came before the Ordinary on appeal from a decree of the Orphans Court of the county of Middlesex.

*Schenck,* for appellant.

*Leupp,* for respondent.

THE ORDINARY. The appellant having settled his final account as guardian of the respondent, before the Orphans Court of the county of Middlesex, the court, by a subsequent order, opened the account and decree thereon, and permitted the ward to file exceptions to the account. From this latter decree the guardian has appealed.

Culver was appointed guardian of the respondent on the

2 Y *

20th of March, 1844, the ward then being under seven years of age. When his office was determined, does not appear. His last disbursement for the ward was under date of the 16th of June, 1852. On the 18th of January, 1856, he delivered over to David Yates, the newly appointed guardian, fifty dollars as funds belonging to the ward. At the term of December, 1857, he exhibited his final account as guardian, for settlement and allowance, no previous settlement having been made. On the 12th of January, 1858, a decree was made for the settlement and allowance of the account. On the 29th of the same month of January, on the application of the ward, a rule was granted to show cause why the decree should not be set aside, and the account opened. Evidence having been taken, the rule was made absolute on the 12th of March following. The decree opening the account, appears, by its recital, to have been made for errors, irregularities, and mistakes made manifest.

It is insisted by the appellant that the decree was erroneous, because there is no evidence, either of fraud or mistake, and that, by the terms of the statute, the decree upon the final settlement and allowance of the account, is conclusive upon all parties. *Nix. Dig.* 581, § 27.

I incline to think that the decree for the settlement and allowance of the guardian's account was a nullity. It does not appear by the evidence that the settlement of the account was advertised, or that any notice thereof was given to the ward, nor can it be gathered from the proceedings in the Orphans Court, that any such advertisement or notice was given. On the contrary the decree itself, as if by way of substitute for the legal notice, states that Brown, the minor, appeared by his guardian, David Yates. Yates, on his examination, testifies that one, two, or three days before the term, Culver spoke to him about the settlement of his account. He adds: " I told him I would be there, and that it would not be necessary for him to serve a notice on me. That he could settle w th the court, and I would examine it afterwards. I don't

know anything about the account, whether it is correct or otherwise. I never saw it."

The act of 1855, (*Nix. Dig.*, 1*st. ed.*, 562, § 8,) requires that in addition to the notice then required by law, the guardian should give to all the wards interested in the account to be settled, thirty days notice of his intention to settle his account.

The act of 1856, (*Nix. Dig.* 590, § 3,) repeals the eighth section of the act of 1855, and declares that no account of any guardian shall be audited or allowed, unless the guardian shall give at least two months notice of such settlement by advertisement, as prescribed in the act. It was expressly required by the act of 1855, that notice should be given to the ward, and such was the manifest design of the act of 1856. No notice to, or appearance by the guardian, can be a waiver of the notice prescribed by the act of 1856. The court appear to have proceeded on the erroneous assumption, that the appearance by the newly appointed guardian was a waiver of, or a substitute for, the notice required by the statute.

But aside from this objection, the court were justified in opening the account and admitting exceptions to be filed, both on the ground of fraud and mistake. The guardian was appointed in 1844. In 1850, he had sold the real estate of the ward. In 1852, he had made the last disbursement for his ward. In 1853, the ward was in his employ, earning wages. In 1856, the guardian, having been discharged from office, turned over fifty dollars of the ward's funds to his newly appointed guardian, as a balance that was coming to him. In 1858, a few months before the ward came of age, the guardian, without notice to the ward, or an opportunity on his part to be heard, settled his account, showing a balance in his own favor. Notice was indeed given, two or three days before the court, to the newly appointed guardian, of an intention to settle the account, but he had no knowledge of its character or contents, and in waiving notice to himself, and consenting to the settlement, it was upon the manifest

understanding, on his part, that any error could be subsequently corrected. An application was made within a few days, to open the account and correct errors, but the accountant insisted that the settlement was conclusive against his ward. Under these circumstances, the court were justified in holding the settlement fraudulent as against the minor.

It may be added, that there is at least one manifest mistake in the account as settled. As the law stood at the settlement of this account in 1858, and as it now stands, the commissions allowed to a guardian, cannot exceed seven per cent. on sums not exceeding one thousand dollars, received and paid out. The commissions allowed the guardian in this case, amounted to nearly fifteen per cent. on the sum received and paid out. This, it is true, would not be a ground for opening the entire account, but it shows the necessity of its correction, and the propriety of requiring that the ward should have an opportunity of being present at the settlement, and protecting his rights.

The decree is affirmed with costs.